JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7309 PA (JEMx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Prime Healthcare Centinela, LLC v. Aetna Health of California, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Aetna Health of California ("Defendant"). Defendant asserts that federal jurisdiction exists over the claims of plaintiff Prime Healthcare Centinela, LLC ("Plaintiff") on the basis of federal ERISA preemption. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

Here, Defendant contends that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") because "Plaintiff's causes of action make clear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7309 PA (JEMx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Prime Healthcare Centinela, LLC v. Aetna Health of California, Inc. | | |

that it seeks benefits as an assignee of ERISA-governed health plans, and that it has no alternative bases for proving any obligation by Aetna to pay it for services Plaintiff rendered to members of those plans." (Notice of Removal at 5.)  However, the Ninth Circuit has held that a provider's claims are not completely preempted by ERISA where the provider is seeking payment based upon a separate agreement between it and the insurer.  Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941, 951 (9th Cir. 2009).  In Marin, the plaintiff hospital sued a patient's employer, the employer's CEO, and a benefits administrator in state court for breach of contract, negligent misrepresentation, quantum meruit, and estoppel.  Id. at 943.  The hospital's claims were based on allegations that the benefits administrator had orally verified the patient's coverage, authorized treatment for the patient, and agreed to cover 90% of the medical expenses incurred.  Id.  However, after the benefits administrator was billed by the hospital, it refused to pay the 90% that it had previously promised.  Id. at 943-44.  The defendants removed the action based on ERISA preemption, and the district court denied the hospital's motion to remand.  Id. at 944.  On appeal, the Ninth Circuit concluded that the action should have been remanded.  Id. at 951.  Under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004), a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions.  In applying Davila, the Ninth Circuit found that the hospital's claims were not completely preempted by ERISA because they were based upon an alleged oral contract with the defendants, which gave rise to an independent legal duty to pay the disputed medical expenses, and prevented the claims from being brought under ERISA.  Id. at 949-50.

In concluding that complete ERISA preemption did not apply, the Ninth Circuit's opinion in Marin distinguished between ERISA § 502(a) complete preemption and conflict preemption under ERISA § 514(a), which preempts provisions of state law that "relate to" ERISA.  Id. at 945.  While complete preemption under § 502(a) creates federal subject matter jurisdiction, conflict preemption under § 514(a) is a defense that "does not confer federal question jurisdiction on a federal district court." Id.  As the Ninth Circuit has explained complete preemption, "[i]f a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

Defendant's Notice of Removal asserts that "Plaintiff's causes of action make clear that it seeks benefits as an assignee of ERISA-governed health plans, and that it has no alternative bases for proving any obligation by Aetna to pay if for services Plaintiff rendered to members of those plans."  Plaintiff's Complaint, however, never specifically alleges that it is suing as an assignee of the members of ERISA plans issued by Defendant.  Instead, the Complaint alleges claims for:  (1) breach of implied-in-law contract (quantum meruit); (2) breach of implied-in-law contract (unjust enrichment); (3) breach of implied-in-fact contract; and (4) money due on account and/or open book account.  Nothing alleged in the Complaint compels the conclusion that Plaintiff is merely, and solely, standing in the shoes of the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7309 PA (JEMx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Prime Healthcare Centinela, LLC v. Aetna Health of California, Inc. | | |

beneficiaries of ERISA plans. In fact, the factual basis of the Notice of Removal – that all of the underlying individual claims are brought by Plaintiff as assignee of beneficiaries of ERISA plans – is not supported by either the Complaint or the facts alleged in support of the Notice of Removal.

Indeed, the Complaint never alleges if the plans at issue are governed by ERISA. Instead, the Notice of Removal is supported by a declaration authored by Lisa Adinolfi, a paralegal employed by Defendant's corporate parent. Ms. Adinolfi attests that she "performed some preliminary research on a small sample of the claims" at issue. According to Ms. Adinolfi, although she "did not perform a review of each of the claims [involved in Plaintiff's Complaint], I would expect, given the nature of Aetna's client base, that many more [of the claims than the three she looked at], if not the majority, of the remaining claims would also be made pursuant to ERISA-governed plans." According to Defendant, therefore, many, if not a majority of the individual claims at issue, involve plans that are governed by ERISA. As a result, Defendant's assertion that Plaintiff's claims are completely preempted by ERISA is incorrect. Because there is no evidence that all of the underlying individual claims involve ERISA plans, Defendant's Notice of Removal fails the <u>Davila</u> test, which allows complete preemption only when: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions. <u>Davila</u>, 542 U.S. at 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312. Specifically, because some of the plans at issue were not governed by ERISA, there is no individual who could have brought a claim under ERISA as to Defendant's alleged nonpayment of those claims. Additionally, at least at this stage, where Plaintiff has alleged only claims based on implied rights, but has not alleged rights specifically growing out of assignments of ERISA beneficiaries, the Court cannot conclude that there is no other independent legal duty upon which Plaintiff's claims are based.

The Court therefore concludes that Defendant's Notice of Removal has inadequately alleged that all of Plaintiff's claims are completely preempted by ERISA. As a result, Defendant has not met its burden to establish the existence of the Court's subject matter jurisdiction. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. BC 444444. <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.